UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Kimberly Cellent<br> Plaintiff, | ) <br> ) <br> ) |
| | ) |
| v. | ) Case No. 3:25-cv-781-moc |
| | ) |
| Hunter Warfield, Inc | ) |
| Defendant, | ) **COMPLAINT & DEMAND FOR** |
| | ) **JURY** |
| | ) |

## INTRODUCTION TO COMPLAINT

1. Plaintiff Kimberly Cellent brings this action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., for unlawful, deceptive, and misleading conduct by Defendant in connection with the collection of an alleged consumer debt.

2. Specifically, Plaintiff alleges that Defendant furnished information which they knew or had reason to know to be false, in violation of 15 U.S.C. § 1692e(8).

## VENUE AND JURISDICTION

3. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

4. Venue is proper under 28 U.S.C. § 1391(b) because the events that are described in this complaint occurred in this District, and Defendant regularly conducts business here.

## PARTIES INVOLVED

5. Plaintiff Kimberly Cellent is a natural person residing in Charlotte, North Carolina,

Using credit for personal and household reasons, is a consumer as defined by the FDCPA,

15 U.S.C. § 1692a(3).

6. Defendant, Hunter Warfield Inc. is a business with a North Carolina Registered Agent,

Northwest Registered Agent Service Inc, address 4030 Wake Forest Rd Suite 349,

Raleigh NC, 27609.

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6), and participates in

the business of collecting consumer debts.

## FACTUAL ALLEGATIONS

8. On 12/14/2023 Hunter Warfield opened an account regarding the Plaintiff and started

reporting it to the three major consumer reporting agencies.

9. The account was for a debt allegedly owed to k2 real estate in the amount of $4748.

10. Starting on or about August 25, 2025, Plaintiff reviewed her credit report and noticed

the collection account still being furnished by the defendant.

11. The comments section of this tradeline at the time said "placed for collection.

Account information disputed by consumer".

12. This dispute status did not reflect her current standing or status with the account, she

did not have a current dispute or disbelief about any of the information being reported. So

she informed the Defendant of her current standing in writing. She specifically stated in this letter that the dispute notation was not accurate and she would like it ot be removed.

13. This letter was sent September 2, 2025, USPS certified mail with the tracking #9589 0710 5270 2465 2023 23". The Defendant received this letter on September 8, 2025 at 12:34pm at their Tampa, Florida location.

14. Plaintiff later checked her credit report around October 7, 2025. She noticed that the comments under the account remained unchanged. As it still stated "account information disputed by consumer". Which was not accurate, this itself was a violation of 15 U.S.C. § 1692e(8). Because Hunter Warfield furnished information which they know or had reason to know was false.

19. Despite already receiving Plaintiff's written notice, Hunter Warfield continued to report the tradeline with the inaccurate dispute notation as of their most recent credit reporting update on October 7, 2025.

## CLAIM FOR RELIEF

### *Violations of 15 U.S.C. § 1692e(8) – False or misleading representations*

20. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

21. Defendant violated 15 U.S.C. § 1692e(8) by communicating false credit information, specifically by continuing to report a dispute notation that they knew or had reason to know was false.

22. Defendant's conduct was false, deceptive, and misleading in connection with the collection of a debt.

23. As a direct result, Plaintiff suffered actual damages and is entitled to statutory damages, and costs under 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF AND JURY DEMAND

Ms. Cellent respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against Defendant for:

- Judgment for violations of the FDCPA;

- Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

- Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- Such other and further relief as the Court may deem just and proper.

Submitted on October 7, 2025, by:

Kimberly Cellent
PO Box 667543
Charlotte, NC 28266
Kimberlycellent500@gmail.com